## Annie Quinlivan, Administratrix, Plaintiff in Error, v. Ready & Callaghan Coal Company, Defendant in Error.

### Gen. No. 22,455.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed December 18, 1916.

### Statement of the Case.

Action by Annie Quinlivan, administratrix of the estate of James Quinlivan, deceased, plaintiff, against Ready & Callaghan Coal Company, defendant, to recover for the death of James Quinlivan, a child four years old, resulting from being run over by a dump wagon which was attached to a sprinkling wagon operated by one of defendant's teamsters. From a judgment for defendant upon a directed verdict, plaintiff brings error.

C. S. O'MEARA, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; EDWARD W. EVERETT, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 162*—*when evidence as to conduct of child at and after accident is admissible.* In an action for the death of a child four years old which was run over by a dump wagon which was attached to a sprinkling wagon, *held* that, although it was admitted that the death of deceased was caused by his being run over by the dump wagon, evidence as to his conduct and actions at and just before the occurrence of the accident was admissible.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. NEGLIGENCE, § 191*—*when negligence of driver of wagon in injuring child is question for jury.* In an action for the death of a child four years old which was run over by a dump wagon which was attached to a sprinkling wagon, where it appeared that the driver of the sprinkling wagon was seated upon a high seat in such a position that he might have seen, had he looked, what a crowd of children were doing at the time of and just before the accident; that the horses were walking, and that the driver did in fact see these children as he approached them, *held* that it was a question for the jury to determine whether the driver might have anticipated that any one of these children would, under the circumstances, do as deceased did and by the exercise of reasonable care could have avoided the accident.